# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT A. ZENOR,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>UNITED STATES OF AMERICA,<br><br>　　　　　Defendant. | Civil No. 03cv0503 J (JMA)<br><br>**ORDER GRANTING DEFENDANT'S MOTION FOR ENTRY OF SATISFACTION OF JUDGMENT** |

Before the Court is the Government's Motion for Entry of Satisfaction of Judgment. [Doc. No. 59.] The Government requests that the Court enter a satisfaction of judgment pertaining to the Court's August 22, 2005 judgment entered against the United States in this action. To date, *pro se* Plaintiff Scott A. Zenor ("Plaintiff") has not opposed. The Court finds the motion suitable for determination on the papers submitted and without oral argument pursuant to Local Civil Rule 7.1.d.1. For the reasons set forth below, the Court now **GRANTS** the Government's Motion.

## *Background*

This action commenced on March 13, 2003, when Plaintiff filed a Complaint seeking a refund for federal income taxes Plaintiff and his wife paid between 1996 and 2001. [Doc. No. 1.]

On December 1, 2003, the Court dismissed Plaintiff's claim for refund on Tax Year 2001.  The details surrounding each remaining Tax Year are set forth in this Court's October 22, 2004 Order whereby the Court granted the Government summary judgment on Tax Years 1996, 1998 and 2000.  Regarding Tax Years 1997 and 1999, the Court denied summary judgment, finding the Government's evidence inconsistent with its argument.  On November 22, 2004, the Government filed a Motion asking the Court to reconsider its denial. [Doc. No. 37.]  After ordering that the Government submit supplemental briefing, the Court ultimately granted the Government's Motion to Reconsider in part. [Doc. No. 47.]

Specifically, the Court granted the Government summary judgment on Tax Year 1999.  Regarding Tax Year 1997, the Court (1) found that Plaintiff was entitled as a matter of law to a partial refund, in the amount of $2,371.24; and (2) granted the Government summary judgment as to the remainder of Plaintiff's refund claim.  However, the Court did not enter summary judgment in favor of Plaintiff on the 1997 tax year issue at that time because he had not moved for summary judgment.  On July 29, 2005, the Government filed an Ex Parte Application for Entry of Judgment; the Court granted the application and entered summary judgment in favor of Plaintiff on August 19, 2005, finding that Plaintiff was entitled to a $2,371.24 refund for tax year 1997. [Doc. No. 57.]

The Government filed the present Motion for Entry of Satisfaction of Judgment on March 10, 2009. [Doc. No. 59.] To date, Plaintiff has not filed an opposition.  The Government's Motion included a certificate of service, which indicated that copies of the Motion and its supporting documents had been mailed to Plaintiff's last known address.  On April 10, 2009, the Government filed an additional certificate of service, stating that the Government had received the copies of the documents back from the postal service with a notation that they were undeliverable; the Government thereafter found two additional possible addresses for Plaintiff and sent copies to those addresses, which were not returned. [Doc. No. 60.]

### *Legal Standard*

The Federal Rules of Civil Procedure enable a party to obtain relief from a final order if the judgment has been "satisfied, released, or discharged." *See* Fed. R. Civ. P. 60(b)(5).  The

"satisfied, released, or discharged" clause of Rule 60(b)(5) is generally invoked when a party seeks an entry of satisfaction of judgment because no acknowledgment of satisfaction has been delivered.  *See Zamani v. Carnes*, 491 F.3d 990, 995 (9th Cir. 2007).

## *Discussion*

The Court determined that Plaintiff is entitled to a refund of $2,371.24; the Court noted in its order, however, that such refund would be subject to a setoff pursuant to 26 U.S.C. § 6402(a). [Doc. No. 57.] After the Court issued its order, the Internal Revenue Service conducted an investigation to determine whether Plaintiff owed any other federal tax liabilities, and it determined that Plaintiff did have a federal income tax liability due and owing for the 2000 tax year. (*See* Buhrow Decl., ¶¶ 9-11.)  The IRS then transferred the 1997 tax year levy payments which were the basis of the refund to Plaintiff's 2000 federal income tax account. (*See id.* ¶¶ 12-13.)  The Government has provided copies of Plaintiff's 1997 and 2000 federal income tax accounts.  (*See* Exhs. 1, 2) These account transcripts show the transfer and indicate a current zero balance for 1997 and an account balance of $9,115.73 (after the offset) for 2000.  (*Id.*) Plaintiff never responded to the prepared satisfaction of judgment that the United States provided to him.  (Mem. of P. & A. at 3.) However, the evidence of the offset to Plaintiff's 2000 tax liability demonstrates that the Government has satisfied the judgment ordered by this Court.

## *Conclusion*

In conclusion, the Court **GRANTS** the Government's Motion for Entry of Satisfaction of Judgment.

**IT IS SO ORDERED**.

DATED:  May 15, 2009

_____
HON. NAPOLEON A. JONES, JR.
United States District Judge

cc: Magistrate Judge Adler
    All Counsel of Record